IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10030-CIV-MOORE/GARBER

FARIS A. KIRKLAND,

    Plaintiff,

vs.

OCEAN KEY ASSOCIATES, LTD.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (dkt # 5).

UPON CONSIDERATION of the Motion, the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.  BACKGROUND

In January of 2005, Southern Pointe Apartments, L.P. and Ocean Key Associates, LTD. ("Defendant") entered into a Purchase Contract for condominium unit #136 in Building 1 of The Dolphin at Mariner's Club located in Monroe County, Florida ("subject property"). Complaint at ¶ 7. Southern Pointe Apartments, L.P. then assigned its right, title, and interest to Faris A. Kirkland ("Plaintiff") with the consent of Defendant. Complaint at ¶ 8. A few modifications and amendments were made to the Purchase Contract; however, the key terms and provisions of the Purchase Contract remained intact. Complaint at ¶ 9.

The purchase price of the unit under the Purchase Contract was $1,750,000.00. Complaint at ¶ 10. Pursuant to the terms of the Purchase Contract, Plaintiff paid a deposit of 10 percent, or $175,000.00, as an initial down payment for the property. Complaint at ¶ 11.

The terms and provisions of the Purchase Contract stated that, if the parties failed to close on the property by July 22, 2005, then Defendant would retain the $175,000.00 deposit as liquidated damages. Complaint at ¶ 12. The closing did not occur, and Defendant retained the $175,000.00. Complaint at ¶ 13–14.

Four months after the closing did not occur, Defendant sold the subject property for $1,799,900.00, which is $49,900.00 more than the price that Plaintiff would have paid. Complaint at ¶ 15. Plaintiff now brings this action claiming, that because Defendant sold the unit for more money after Plaintiff failed to close, the $175,000.00 liquidated damages became an unenforceable penalty, and Defendant obtained a windfall.

## II. STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficient "to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007). Further, "a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964–65 (citations and quotes omitted).

## III. ANALYSIS

Plaintiff brings this action for declaratory judgment disputing whether "Defendant's retention of his $175,000.00 deposit as liquidated damages truly reflect[s] any damages sustained by Defendant, and instead asserts that the retention of the entire deposit constitutes an unenforceable penalty." Plaintiff requests that the Court declare whether the liquidated damages portion of the Purchase Contract is enforceable or whether it constitutes an unenforceable penalty. Defendant moves to dismiss the Complaint because construction of the terms of a contract is a question of law; the contract is clear and unambiguous that these are valid liquidated damages; and Florida law establishes that 10 percent is a reasonable amount for liquidated damages.

Under Florida law, to determine whether a contract provision constitutes a penalty or liquidated damages, the Court must consider the reasonableness of the provision, the certainty of establishing actual damages and the intent of the parties. TAS Heavy Equipment, Inc. v. Delint, Inc., 532 So. 2d 23 (Fla. Dist. Ct. App. 1988). When the terms of an agreement are unambiguous, this Court's obligation is to enforce the plain language of the contract and consider provisions in accordance with ordinary meaning and not give any meaning beyond that expressed in the contract itself. *See e.g.* Royal Investment and Development Corp. v. Monty Air Conditioning Service, 511 So. 2d 419 (Fla. Dist. Ct. App. 1987); Volusia County v. Aberdeen at Ormond Beach, LP, 760 So. 2d 126, 132–33 (Fla. 2000).

3

In the Purchase Contract,[1] the Parties considered the possibility that the purchaser might not fulfill the purchase agreement, and they included terms in the Purchase Contract that specifically addressed what would happen if Plaintiff failed to close as required by the Agreement. The Purchase Contract states the consequences of breach by Plaintiff in Section 8(B):

> Should Purchaser fail to make any of the payments herein scheduled, or *fail or refuse to execute the instruments required to close* the transaction contemplated herein . . . or refuse to pay any costs or the sum required by this Contract, or otherwise default hereunder and shall fail to correct such default within five (5) days after Seller has given Purchaser a written notice of such default, then Seller may declare this Contract terminated and *retain all deposits paid by Purchaser as liquidated and agreed-upon damages* which Seller shall have sustained and suffered as a result of Purchaser's default, and thereupon the parties hereto will be released and relieved from all obligations hereunder. These provisions for liquidated damages and agreed-upon damages are bona fide provisions for such and are not a penalty, *the parties understand that by reason of the withdrawal of the Unit from sale to the general public at a time when other parties would be interested in purchasing the Unit, Seller will have sustained damages if Purchaser defaults, which damages will be substantial and would be extremely difficult or impossible to determine with mathematical precision.* Therefore, Seller and Purchaser have agreed that, by signing this Contract, the parties acknowledge that *the deposit(s) paid and agreed to be paid by Purchaser, with all accrued interest thereon, is (are) agreed upon, after negotiation, as the parties' reasonable estimate of Seller's liquidated damages in the event of a breach of this Contract by Purchaser.*

(emphasis added). This portion of the Purchase Contract is clear and unambiguous. The Parties agreed that by Seller's removal of the unit from sale to the general public, Seller would sustain damages that "would be extremely difficult or impossible to determine with mathematical precision." Id. The Parties agreed, "after negotiation," that the deposit, which was 10 percent of the purchase price, would be a "reasonable estimate" of Seller's liquidated damages. Id.

---

[1] The Purchase Contract is attached as Exhibit A to the Complaint, so that this Court may rely upon its terms in this Motion to Dismiss.

Further, Florida courts have consistently held that liquidated damages provisions for 10 percent of the purchase price of a residential unit are acceptable. Hot Developers, Inc. v. Willow Lake Estates, Inc., 950 So. 2d 537, 541–42 (Fla. Dist. Ct. App. 2007) (upholding a 9.65% deposit as liquidated damages and citing examples of other courts which have held that as much as a 22% deposit as liquidated damages was enforceable); LeFemine v. Baron, 573 So. 2d 326 (Fla. 1991); Ivanov v. Sobel, 654 So. 2d 991 (Fla. Dist. Ct. App. 1995); see also Waksman Enterprises, Inc. v. Oregon Properties, Inc., 862 So. 2d 35 (Fla. Dist. Ct. App. 2003) (parties to real estate contract may enter enforceable agreement that deposits paid by purchaser will be forfeited to vendor under specified circumstances). Consistent with these cases, the Court holds that 10 percent liquidated damages are reasonable as a matter of law in this case.

That Plaintiff resold the unit for an additional $49,900.00 does not transform the liquidated damages provision into an unenforceable penalty. Hot Developers, 950 So. 2d at 542 ("That the value of the property may have appreciated . . . does not render the forfeiture of the non-refundable deposits unconscionable). The Court in Hot Developers further held that

> "[F]ocusing solely on an increase in market value of the property fails to take into consideration those intangible losses that a seller may suffer from taking the property off of the market. A liquidated damages provision permits the parties to agree at the outset of a contract on the amount of damages resulting from nonperformance so as to avoid extensive litigation if and when a breach occurs. *The history of fluctuations in the Florida real estate market makes it 'generally impossible' to predict changes in value between the date of a contract and the closing months in the future.* Hutchinson, 259 So. 2d at 132. In Bruce Builders, we held that a seller was *entitled to liquidated damages even though it had sold the property in question for a net profit* of $2,500. 317 So. 2d at 870.

Id. at 542 (emphasis added); Secrist v. National Service Industr., Inc., 395 So. 2d 1280, 1283 (Fla. 2nd DCA 1981) (holding that "the fact that liquidated damages may be excessive at the time

of breach does not lead to the conclusion that the liquidated damages clause is a penalty and therefore not enforceable"). The Court holds that the increase in property value of approximately 3 percent, or $ 49,900.00, does not render the liquidated damages clause unenforceable.

In providing for liquidated damages in the contract, the Parties agreed to be held to those numbers, rather than wait until after a breach to try to calculate what actual damages might be. Further, Plaintiff does not appear to consider that Defendant paid a commission based on Plaintiff's agreement to purchase to the sales agent; that Defendant lost other opportunities to sale the unit while it was off the market (with the potential that the sale might have been for even more money); that Defendant had to remarket the unit and delay the sale of the unit; and experienced additional risk.

Plaintiff argues that the Court should not grant the Motion to Dismiss because the Court should first consider factual issues related to whether the liquidated damages provision is unconscionable: (1) to allow a forfeiture of a deposit where the seller acquiesced in the purchaser's breach; and (2) if the purchaser acted diligently in attempting to comply with the contract. However, Plaintiff has not made any factual allegations in the Complaint that would support a showing either that: (1) the seller acquiesced in the purchaser's breach; or (2) that the purchaser acted diligently in attempting to comply with the contract. Rather, the Plaintiff appears to base the Complaint entirely on the fact that Defendant received an additional $49,900.00 in the sale of the unit four months later.

Plaintiff further argues that Dismissal is unwarranted because Plaintiff is seeking declaratory judgment, and Plaintiff is entitled to know its rights under the contract one way or the other. This is somewhat more persuasive, but dismissal is generally appropriate where there are

no factual issues and the outcome is clear as a matter of law. In this case, the contract is enforceable, the liquidated damages provision is clear and unambiguous, and the liquidated damages (10 percent) are reasonable. Under these circumstances, there is no further need for the Court to consider the liquidated damages provision, so dismissal is warranted and the Parties and the Court should not be forced to expend additional resources on this issue. Additionally, dismissal is warranted because federal jurisdiction is discretionary in federal declaratory judgment actions, and the Court declines to exercise further jurisdiction in a case where the law and the contract are clear.

## IV.   CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (dkt # 5) is GRANTED. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of November, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      Magistrate Judge Garber